UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FRANCIS L. SCOTT,

    Petitioner,

v.                                                 CASE NO. 6:10-cv-907-Orl-31DAB

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases for the United States District Courts* (Doc. No. 8). Petitioner filed a reply to the response (Doc. No. 11) and a memorandum of law in support of his reply (Doc. No. 12).

Petitioner alleges three claims for relief in his habeas petition: (1) the trial court erred by denying his motion to withdraw plea; (2) trial counsel was ineffective for failing to preserve for appellate review the trial court's denial of his motion to suppress; and (3) the trial court erred in accepting his guilty plea when there was no factual basis for the crimes. For the following reasons, the Court finds that Petitioner is not entitled to relief on his

claims.

## I. *Procedural History*

Petitioner was charged in state court case 05-2007-57613 with four counts of capital sexual battery (counts one through four) and one count of lewd or lascivious exhibition (count five). Petitioner was also charged in state court case 05-2007-57614 with two counts of lewd or lascivious molestation. Trial counsel moved to suppress Petitioner's statements admitting to the crimes, and after a hearing was held, the trial court denied the motion. Petitioner entered a negotiated guilty plea to the lesser-included offenses of lewd or lascivious molestation for counts one through four in case 05-2007-57613 and to the other counts in both cases as charged. In exchange for the guilty plea, the State agreed to a sentence of concurrent terms of twenty-five years in prison for all of the lewd or lascivious molestation counts to be followed by sex offender probation for life and to a concurrent fifteen-year term of imprisonment for the lewd or lascivious exhibition count. The trial court accepted the plea and sentenced Petitioner pursuant to the plea agreement.

Petitioner subsequently moved to withdraw his plea. The trial court held a hearing on the motion and then denied the motion. Petitioner appealed his judgment and sentence and the denial of his motion to withdraw plea. Appellate counsel filed an *Anders*[1] brief and moved to withdraw. The Fifth District Court of Appeal granted the motion to withdraw and affirmed *per curiam*. Petitioner then filed a Rule 3.850 motion for post-conviction relief pursuant to the Florida Rules of Criminal Procedure. After filing an amended Rule 3.850

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

motion for post-conviction relief, the trial court summarily denied the motion. The Fifth District Court of Appeal affirmed *per curiam*.

## II. Legal Standards

### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially

3

> indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[2] *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B. *Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and

---

[2]In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

4

(2) whether the deficient performance prejudiced the defense.[3]  *Id*. at 687-88.  In *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), the United States Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel."  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id*. at 689-90.  "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted).  Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."  *Rogers v. Zant*, 13

---

[3]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

F.3d 384, 386 (11th Cir. 1994).

III.     *Analysis*

   *A.     Claim One*

Petitioner claims the trial court erred by denying his motion to withdraw plea. Petitioner argues that the trial court should have allowed him to withdraw his plea because he did not understand the ramifications of entering a guilty plea. Specifically, Petitioner asserts that he did not understand that by entering his plea he would be waiving his right to appeal the trial court's denial of his motion to suppress. This claim was raised on direct appeal (App. B). The Fifth District Court of Appeal affirmed *per curiam* (App. D).

Petitioner has not demonstrated that he is entitled to relief on this claim. Florida Rule of Criminal Procedure 3.170(l) allows a "defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue may file a motion to withdraw the plea within thirty days after rendition of the sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e)." Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii) states that a defendant who pleads guilty may appeal only (a) the lower court's lack of subject matter jurisdiction; (b) a violation of the plea agreement, if preserved by a motion to withdraw plea; (c) an involuntary plea, if preserved by a motion to withdraw plea; (d) a sentencing error, if preserved, or (e) as otherwise provided by law. In analyzing the constitutionality of a guilty plea, a reviewing court must determine that the plea represents a "voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill*,

474 U.S. at 56.

Petitioner's allegation that his plea was involuntarily entered because he did not understand that he would be waiving his right to appeal the trial court's order on the motion to suppress is refuted by the record. At the plea hearing, the following exchange took place:

> Mr. Nuss: The only thing I think he [Petitioner] had a question, Your Honor, on the plea agreement form there was a question as to whether or not he would be able to appeal the suppression motion. If he was giving up his right to appeal when he signed that form.
>
> The Court: Okay. And what is the resolution?
>
> Mr. Nuss: Well, I explained unless it was reserved, I explained to him that he -- in order to do that, you would have to withdraw your plea anyway within sixty days in order for the suppression to have any effect. Because the implication is that he would have a trial without testimony and he has agreed to sign the form and he's waiving any right as to the suppression. Is that correct, Mr. Scott?
>
> Defendant: Yes, sir.
>
> The Court: Do you understand that, sir, there will be no appeal from the suppression of the motion to suppress as well as the order that I intend to sign allowing the child hearsay on the hearing we had earlier?
>
> Defendant: Yes, sir.
>
> The Court: You understand that; don't you?
>
> Defendant: Um-hum.

(App. A at 14-15). Petitioner told the trial court that he understood that he was waving his

right to appeal the denial of his motion to suppress. The "representations of the defendant . . . [at a plea proceeding] constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Petitioner's sworn statements to the trial court carry a strong presumption of truth, and Petitioner has not sufficiently shown that this Court should overlook those statements. There is no indication that the trial court erred in denying Petitioner's motion to withdraw plea because Petitioner did not demonstrate that his plea was involuntarily entered.

Petitioner has not met his burden of proving that the state court's rejection of this claim is contrary to, or involved an unreasonable application of, clearly established federal law. As such, claim one is denied pursuant to § 2254(d).

B.   *Claim Two*

In his second claim Petitioner alleges that trial counsel rendered ineffective assistance by failing to preserve for appellate review the trial court's denial of his motion to suppress. Prior to the entry of the plea, defense counsel moved to suppress Petitioner's statements to police in which he admitted to committing the charges. After holding a hearing (App. A-1), the trial court denied the motion (App. A at 129). Petitioner raised this claim in his amended Rule 3.850 motion for post-conviction relief (App. I). The trial court summarily denied the claim pursuant to *Strickland* (App. J). The Fifth District Court of Appeal affirmed *per curiam* (App. O).

8

The record supports the state court's determination of this claim. The State noted at the hearing on Petitioner's motion to withdraw plea that the motion to suppress was not legally dispositive (App. A at 56). Specifically, the prosecutor stated that even if Petitioner's confession had been suppressed that they would have proceeded on the charges. *Id.* At the motion to suppress hearing Agent Brenda Branham ("Agent Branham") testified that she began investigating the crimes because the victims' mother had called the police (App. A-1 at 11). Agent Branham interviewed the victims, Petitioner's daughters, and based on their statements, the police determined that they had probable cause to arrest Petitioner. *Id.* at 11-12. The trial court also granted the State's motion to allow the victims' hearsay statements made to their mother at trial (App. A at 145-46).

Because the victims could testify at trial regarding the illegal sexual conduct and their mother could testify to the victims' statements made to her regarding the sexual battery and lewd or lascivious molestation, the motion to suppress was not legally dispositive. There was other evidence that the State could rely on in pursuing the charges against Petitioner even if his confession to the charges had been suppressed. *See Grant v. State*, 917 So. 2d 936, 939 (Fla. 3rd DCA 2005) (finding trial counsel was not ineffective for failing to preserve the denial of a motion to suppress for appeal when the motion was not legally dispositive because there was other evidence to conviction the defendant); Fla. R. App. P. 9.140 (2) (noting when a criminal defendant enters a nolo contendere or guilty plea, he waives his right to appeal a prior dispositive order unless reserved in the agreement). Therefore, trial counsel's failure to preserve the denial of the motion to suppress for appeal

did not result in prejudice because even if Petitioner's confession to the crimes was suppressed there was ample evidence the State could use to pursue the charges against Petitioner.

Petitioner has not met his burden of establishing that the state court's rejection of the instant claim was contrary to, or involved an unreasonable application of *Strickland*. Accordingly, claim two is denied pursuant to § 2254(d).

### C. Claim Three

Petitioner claims that the trial court erred in accepting his guilty plea when there was no factual basis for the crimes. Respondents argue that this claim is unexhausted. This Court agrees with Respondents. Pursuant to the AEDPA, federal courts are precluded, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing Picard, 404 U.S. at 275-76) (internal quotation marks omitted); *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005). Petitioner did not raise the instant claim in the state courts, therefore, Petitioner's claim remains unexhausted.

Moreover, the Court is precluded from considering this claim, as the claim would be procedurally defaulted if Petitioner returned to state court. *Smith v. Secretary Department*

*of Corrections*, 572 F.3d 1327, 1342 (11th Cir. 2009) (citing *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief.")). Petitioner could not return to the state court to raise this ground as it should have been raised on direct appeal in his pro se initial brief. Thus, the claim is procedurally defaulted.

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892 (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying

offense, in light of the new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

Petitioner has neither alleged nor shown cause or prejudice that would excuse any procedural default. Likewise, he has not shown the applicability of the actual innocence exception. A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, claim three is procedurally barred from review.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.   *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Secretary Department of Corrections*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of

a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reasons would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Francis L. Scott. (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 4th day of October, 2011.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 10/4
Counsel of Record
Francis L. Scott